## The State v. Holmes et al.

1. **Bail:** DISCHARGE OF SURETIES. A defendant in a criminal prosecution, on bail, failed to appear, and a forfeiture was thereupon taken against the bail, and a bench warrant issued against the accused, who was, on the twenty-second day of the month arrested, and on the twenty-third brought into court. On the twenty-fourth the forfeiture before taken against the bail, was set aside. It appearing that the accused " was in the custody of the court and its officers, he so remained until the twenty-fifth," when he was discharged to appear on the twenty-seventh. Failing to appear, on the thirtieth a second forfeiture of the recognizance was taken against the accused, and his bail. *Held*, in action thereupon against the bail, that the bail having been discharged by order of court from the first forfeiture, it was not competent for the court, having assumed the custody of the prisoner, to order a second forfeiture.

   > *Argu.* 1. EFFECT OF FORFEITURE. When the prisoner failed to appear, he not only forfeited his bond, but his liberty, and his re-arrest by the State was authorized by section 4995 of the Revision.

   > *Argu.* 2. BAIL DEPRIVED OF CUSTODY. When the court re-possessed itself of the custody of the accused, he could neither claim to be set at liberty or remitted to the hands of his bail, nor had they, on the other hand, any right to demand his liberty, or their control or keepership of him.

2. —— BASIS OF OPINION. The opinion herein is based upon the theory that the custody of the accused by the State was not merely constructive, but actual in the sense of its assuming to keep and control him in such a manner as to legally deprive the bail of the right and power to do so.

*Appeal from Warren District Court.*

WEDNESDAY, DECEMBER 18.

SUIT on a bail bond, brought under the following circumstances: One Charles Munger was indicted in Clark county for murder in the second degree. The defendants became bail for his appearance in the penal sum of $3,000. The venue was changed to Warren county. The defendant not appearing, a forfeiture was taken against the bail, and a bench warrant ordered to be issued against the accused, who was arrested on the 22d of August, 1866, brought into court on the 23d. The forfeiture theretofore taken against the bail was set aside on the 24th, it appearing, as the order reads, that the accused " was in the custody of the court, and he so remained in the custody of the court and officer till the 25th," when he was discharged to appear on the 27th. Failing to appear, on the 30th of the same month a second forfeiture of the recognizance was taken against Munger and his bail, and thereupon this suit was brought upon the same. The essential defense set up is, that the second forfeiture of the recognizance, under the circumstances of this case, was without authority of law; by reason of the fact that the State, upon its own motion, had its officer to arrest the prisoner, and kept him in the actual custody of the court and its officer for some three days, in term time, whereby he was taken out of the control of the bail, and being no longer his jailers, they could not be held responsible for his escape.

To this defense, the court sustained a demurrer, whence this appeal comes.

*C. C. Nourse* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

LOWE, Ch. J.— In contemplation of law an accused party admitted to bail is in the custody of his sureties who are considered his keeper. If they had grounds to apprehend an escape, it would be their privilege to have the accused re-arrested and surrendered back into the custody of the law, and themselves discharged. Rev. § 4987. If the accused failed to appear, or appearing, fails to abide the orders of the court, he breaks the conditions of his recognizance, and a forfeiture of the same may be taken and entered of record against him and his sureties. That happened in this case, and the State had the right to stand upon the forfeiture and look to the sureties for the amount of the penalty, and also to have the accused re-arrested and commited to jail until legally discharged.

1. BAIL: discharge of sureties.

This latter right or power is expressly given to the State or court by the terms of section 4995 of Revision. The court choose to exercise that right in this case, issued its bench warrant, had the accused arrested and brought into court, and while he was in custody or that of its officer, an order was made setting aside the forfeiture taken against the prisoner and his sureties. The next day after this, being the third day of his imprisonment by the court, under the new arrest, the accused escaped, or was permitted to go at large, and failed afterward to appear and stand his trial.

Now the question arises whether, under these circumstances, it was competent for the court to take a second forfeiture of the same recognizance, and hold the sureties liable. For if they are liable at all, it is upon the forfeiture taken since the escape of the prisoner from the custody of court, and not upon the first, from which they had already been discharged by the order of the court.

This question has not heretofore been decided by this

The State v. Holmes.

court, but has received an adjudication in other courts, and is not, as it seems to us, difficult of solution.

When the prisoner failed to appear agreeably to the conditions of his bond, he not only forfeited his bond, *Argu.* 1. Effect but he forfeited his liberty, and his re-arrest of forfeiture. was authorized by the express terms of the section of the Revision above referred to.

When the court, under the authority of the statute, repossessed itself of his custody, what were the rights *Argu.* 2. Bail of the prisoner? Could he claim to be set at deprived of custody. liberty and remitted to the hands of his surety? Certainly not, because both he and they had broken faith with the State, in not keeping their bond. Could he successfully apply for, and be discharged under a writ of *habeas corpus?* By no means, for the reason that his re-arrest and imprisonment was in virtue of the authority of the statute; he had forfeited his liberty and his rights under his bail bond by violating the same.

His sureties had no right to demand his liberty or their keepership of him, for it was the duty of the court, under the statute, after arresting, to commit him to jail until he was legally discharged. We suppose, however, it would be in the power of the court to rebail him upon giving new and satisfactory security.

Now, with this complete statutory control over the person and custody of the prisoner after he makes default, voluntarily assumed and exercised by the court as in this case, upon what principle is it, we ask, can the defendants in this action be held liable for a default of the prisoner made after such arrest? They had already been released from a default made prior thereto. Their undertaking is based upon the idea that the prisoner is to be in their keeping and under their control, but here the control and keepership are both placed absolutely beyond their reach, by the action of the court at the instance

of the State which now seeks to make the defendant responsible for the laches of its own officers. We know no principle in law by which this can or ought to be done. The law enforces no duty where the power to perform has been taken away or divested by the party in whose favor the obligation exists.

We have said that the question of the defendant's liability, under like circumstances, has been passed upon by other courts, to the effect of the non-existence of such liability.

In *The Commonwealth* v. *Coleman* (2 Metc. [Ky.] 382), we have this case : John Reorden was indicted for felony, and entered into a recognizance with sureties, for his appearance at court, and not to depart without leave, etc.

He did appear, pleaded, and was put on trial. During the progress of the same, by order of the court he was placed in the custody of the sheriff. While the jury were out considering their verdict, he made his escape and disappeared. The jury found him guilty, and not appearing to receive the sentence of the law, a forfeiture of his recognizance was taken, and suit brought against the bail.

This is not so strong a case for the sureties as the one at bar, and yet the court held that they were discharged from liability on the recognizance. The court remarked, in substance, that by placing the accused in the custody of the sheriff during the trial, deprived the bail of all control over him, and inasmuch as by the act of the court, he was placed beyond their *power* as his jailers, they could not in law be held answerable for his appearance for any purpose.

Again, in the case of *The People* v. *Stager* (10 Wend. 431), it was held, that if after a recognizance is entered into, the party charged is arrested on a bench warrant, issued on an indictment found against him for the same

offense, and he subsequently escapes, his bail will be discharged, for they would have reason to suppose they were relieved of all responsibility for the forthcoming of the prisoner, as they were deprived of the right and power to control his movements. In the case cited, suit was brought upon the recognizance, after default had been entered upon the records of the court, because of the non-appearance of the accused.

The defense pleaded was that before the default mentioned in the declaration had occurred, the accused was arrested on a bench warrant, and put on trial, during which he was permitted to escape or go at large.

The court overruled a demurrer to this defense, and held the same a bar to a recovery against the sureties on the bond.

It was remarked that the principal was placed under the control of the officers of the law, precisely as he would have been had the bail surrendered him. In such case the proper course, it seems, would be for the public prosecutor to require new bail, or move for the commitment of the prisoner, for if new bail could not have been exacted, or the accused imprisoned, then the power to issue the warrant did not exist.

In the case of *The People* v. *Clary* (17 Wend. 373), a similar principle under a different state of facts was recognized and ruled.

Upon the whole, in the light of the authorities and the reason of the case, we are inclined, with some hesitation 2. —— basis of on the part of two members of this court, to opinion. reverse the ruling below, and remand the cause for hearing in accordance with the principles herein laid down. It being understood that this opinion goes upon the assumption or theory that the custody of the accused by the State was actual, and not simply constructive; actual in the sense of the State assuming to keep and

control him in such a manner as to deprive the bail of the right and power to do so. Whether the custody was thus actual, would be a question of fact to be determined upon the evidence, under, of course, the instructions of the court.

Reversed.