## THE STATE v. ORSLER.

1. **Surety :** BAIL: EFFECT OF ARREST. When a person is held to answer a criminal charge by a justice of the peace, and an indictment is subsequently found against him, whereupon the court directs a warrant to issue for his arrest, the surety is discharged when the arrest is made and the party indicted is taken into custody.

*Appeal from Pottawattamie District Court.*

SATURDAY, APRIL 20.

ACTION upon a bail bond whereby defendant was bound as surety for the appearance of one Crow before the District Court, who was held to answer a charge of felony by a justice of the peace. A default was entered by the District Court and the bail was declared forfeited. The answer alleges that Crow did appear, and, after indictment, was arrested upon a warrant issued by order of the District Court, and was thereafter permitted to escape by the sheriff. The cause was tried to a jury, and a special verdict rendered by direction of the court, whereon judgment was rendered against defendant, from which he now appeals.

*Sapp, Lyman & Ament,* for appellant.

No appearance for the State.

BECK, J.—The facts, as disclosed by the special verdict, are these: Crow was indicted upon the charge for which he was held to bail upon the bond executed by defendant, and, 1. SURETY: bail: effect of arrest. thereupon, an order was made upon the indictment directing a warrant to issue for his arrest. The warrant issued as directed, and Crow was arrested, but permitted to go at liberty by the sheriff, upon the order of the court. This arrest and release were made before default was entered and the bail was forfeited.

In our opinion, the order for the warrant, its issuance, and Crow's arrest thereon, and his subsequent release upon the order of the court discharged defendant, and the default and forfeiture of the bail, subsequently declared, were illegal.

The District Court has authority to order the arrest of one held to bail to answer a criminal charge, "when, upon the finding of an indictment, the court deems the bail taken by the committing magistrate insufficient." Code, § 4601. The order for the arrest of the accused was authorized by this section. We will presume that the court acted rightly, upon facts justifying the order.

The prisoner was lawfully in the custody of the sheriff. The bail before given was then discharged. The law does not contemplate that the surety shall be responsible for the appearance of a prisoner in the lawful custody of the law. It is to be presumed that the arrest and custody takes the place of the bail to secure appearance. The surety being discharged of liability, we know of no law which will permit the obligation to be again imposed upon him without his consent. We are of the opinion that the arrest of the accused released the bail bond. See *The State v. Holmes*, 23 Iowa, 458; *Smith v. Kitchens*, 51 Geo., 158; 21 Am. Rep., 232.

REVERSED.