**STATE of Iowa, Appellee,**

v.

**Charles COSTELLO, Defendant,**

and

**American Bonding Company, Appellant.**

No. 91–1408.

Supreme Court of Iowa.

Sept. 23, 1992.

Amanda Potterfield, Johnston, Larson, Potterfield, Zimmermann & Nathanson, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., Denver Dillard, County Atty., and Jeffrey Clark, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

The surety, American Bonding Company, appeals from the district court's forfeiture and judgment upon defendant's $2600 bail bond. The appellant maintains that the district court abused its discretion in forfeiting defendant's bail bond, where the defendant was in custody before the surety received notice of the bail forfeiture, and that the forfeiture violated the statutory notice requirement in Iowa Code section 811.6(1) (1991). Finding no abuse of discretion or statutory violation, we affirm the district court's forfeiture and judgment against the surety, American Bonding Company, for the amount of the bail.

## I. *Background.*

Defendant, Charles Costello, was arrested and charged with theft in the third degree, an aggravated misdemeanor. The court appointed legal counsel for him and set time for arraignment. He was released from custody on his own recognizance. Costello could waive arraignment and enter a plea of not guilty by executing and filing a written arraignment form. Iowa R.Crim.P. 8(1). He did not file an arraignment form. He failed to appear for arraignment on February 28, 1991. The court rescheduled arraignment and ordered him to appear personally. When, on March 15, Costello again failed to appear for arraignment or to file a written arraignment form, the court issued a warrant for his arrest and set bail at $1200.

On March 19, Costello was arrested. On the following day he was released from custody after he posted a bail bond with International Fidelity Insurance Company as surety. Costello's arraignment was rescheduled for March 29 and he was so advised. Costello again failed to appear for arraignment or to file a written arraignment form. The court made a record of his failure to appear and forfeited his bail. The court ordered a ten days' notice be given to the defendant and the defendant's surety, International Fidelity. The court again issued a warrant for Costello's arrest. Notice of forfeiture was served upon the surety, International Fidelity.

On April 2, Costello was arrested. Bail was set at $2600 and Costello was again released from custody after he posted bail with American Bonding Company as surety. Costello filed a written arraignment and pleaded not guilty to the criminal charge. Trial was set for June 17, 1991, and a pretrial conference was set for June 5. The order issued by the court required Costello to personally appear at the pretrial conference.

On April 12, attorney David Nadler filed an appearance on behalf of International Fidelity and a resistance to the entry of judgment on the bail bond forfeiture. A hearing upon the resistance was held on May 16. The court rescinded the forfeiture of the bond previously posted by International Fidelity contingent upon payment of fifteen dollars court costs. The court exonerated the bond, noting Costello had since appeared and posted bond with another surety.

On June 5, Costello failed to appear in person for his pretrial conference. The court paged him throughout the courthouse without response. The sheriff was directed to give ten days' notice to the defendant and to the surety to appear and show cause, if any, why judgment should not be entered for the amount of the bail. The notice to the surety was mistakenly given to attorney Nadler.

On June 6, approximately thirty-six hours after a warrant for his arrest had been issued, Costello was arrested. On June 12, he entered a plea of guilty and was sentenced on the lesser included offense of theft in the fourth degree, a serious misdemeanor.

On June 10, Nadler entered an appearance for the surety and requested hearing on the bail bond forfeiture. The hearing was scheduled for June 21 at which time judgment was entered against American Bonding in the amount of $2600.

On July 1, the court discovered the notice to the surety concerning the bond forfeiture was given to attorney Nadler and not to the surety, American Bonding. The court then ordered a ten days' notice be given to American Bonding. Legal counsel for American Bonding entered an appearance and filed a resistance to the forfeiture. The resistance urged that the defendant had been arrested before American Bonding had an opportunity to learn of the defendant's failure to appear and the issuance of the arrest warrant, that the defendant had satisfied all of his obligations to the court, and that no party had been prejudiced by the defendant's failure to appear. No procedural or constitutional issues were raised by the surety in its resistance. The court set the matter for hearing.

Following hearing, the court on August 13 vacated the erroneous June 21 judgment against American Bonding. The court then overruled the resistance and entered judgment against American Bonding for $2600. American Bonding filed a motion to expand the court's findings pursuant to Iowa Rule of Civil Procedure 179(b). The court granted the motion, expanded its findings and conclusions, and affirmed the judgment against American Bonding for the amount of the bail. The surety appealed.

## II. *Forfeiture of Bail.*

All defendants are bailable by sufficient surety, or subject to release upon condition or on their own recognizance, except for those defendants specifically ineligible under our pretrial release-bail statutory provisions. Iowa Code § 811.1. If a defendant fails to appear as lawfully required, the defendant's bail may be forfeited and judgment entered for the amount of the bail. Iowa Code § 811.6.

We interpret the forfeiture of bail provision in light of several well-established principles as set forth in *State v. Zylstra*, 263 N.W.2d 529 (Iowa 1978). In *Zylstra*, we stated:

A court admits a defendant to bail in order to assure his appearance in court. In assuming the position of bail the surety becomes obligated to produce the accused in open court when his presence is required. Stated otherwise, when the State releases a defendant from confinement it commits him to the exclusive

custody of his surety, who becomes "the jailer of his own choosing."

If the surety fails to produce its principal at the appointed time, a judgment shall be entered by the court. These proceedings for forfeiture of bail and judgment therein are civil actions, which may only be enforced in strict compliance with the statute.

*Zylstra*, 263 N.W.2d at 531 (citations omitted). It is with this background we review the court's forfeiture and judgment.

■ Under Iowa Code section 811.6(1): If the defendant fails to appear at the time and place when the defendant's personal appearance is lawfully required ... the court must direct an entry of the failure to be made of record and the undertaking of the defendant's bail, or the money deposited, is thereupon forfeited. As a part of the entry ... the court shall direct the sheriff of the county to give ten days' notice in writing to the defendant and the defendant's sureties to appear and show cause, if any, why judgment should not be entered for the amount of bail.

The statutory language is clear; if the defendant does not appear the court must direct an entry of record be made and the defendant's bail forfeited. Here, there is no question the defendant did not appear. Therefore, according to the express terms of the statute, the defendant's bail was forfeited.

■ The court's decision to enter judgment for the amount of the bail on the forfeiture is discretionary with the court. *State v. Shell*, 242 Iowa 260, 264, 45 N.W.2d 851, 854 (1951). The obligation of sureties on a bail bond is that they will produce the accused in open court when his presence is required in accordance with the terms of the bond. *Id.* at 265, 45 N.W.2d at 854. The fact that the defendant has surrendered himself to the sheriff and is confined in the county jail prior to the entry of the judgment on the bond does not deprive the court of its discretion to enter judgment for the amount of bail against the surety. *Id.* at 266, 45 N.W.2d at 854. Forfeiture and judgment for the amount of

bail may be avoided only when the bondsmen show some reasonable excuse for failing to produce the defendant. *Id.* When a satisfactory explanation for the defendant's failure to appear has been established, the court may refuse to enter judgment and may set aside the forfeiture. *State v. Thomason*, 226 Iowa 1057, 285 N.W. 636 (1939).

■ Under our statutory scheme, at any time before the forfeiture is undertaken a surety may surrender the defendant for detention to the officer to whose custody the defendant was committed at the time of giving bail. Iowa Code § 811.8(1). Upon proof of surrender of the defendant, the court shall order an exoneration of the surety. Iowa Code § 811.8(2). For the purpose of surrendering the defendant, the surety may arrest the defendant at any place within the state. Iowa Code § 811.-8(3).

■ Here, Costello repeatedly ignored court orders to appear and as a result, law enforcement officials were required to apprehend him. The court had previously exercised its discretion not to enter judgment for the amount of the bail. The surety offered no evidence at the hearing as to why Costello did not appear for the pretrial conference as ordered by the court. The court did not abuse its discretion in proceeding with forfeiture and entry of judgment for the amount of bail against American Surety.

### III. *Notice Requirement of Section 811.6.*

■ Our statute requires written ten days' notice be given to the defendant and to the defendant's surety before judgment is entered for the amount of bail. Iowa Code § 811.6(1). American Bonding contends the obvious purpose of the notice provision is to allow the surety to fulfill its duty to surrender the defendant. We disagree.

■ The bail is forfeited when the defendant fails to appear and entry of failure to appear is made of record. It is the failure to appear that triggers the forfei-

ture. However, under our statutory scheme judgment upon the forfeiture cannot be entered until after ten days' notice has been given to the defendant and the defendant's surety. Here, the ten days' notice was given to American Bonding. At the request of the surety, a hearing was held prior to the entry of judgment on August 13. The statute does not give the surety ten days in which to locate and deliver the defendant to the sheriff. The statute merely affords a surety an opportunity to resist entry of judgment upon the forfeiture for the amount of bail. The delay in giving American Bonding notice of the forfeiture did not prejudice the surety's rights.

Finding no abuse of discretion or statutory notice deficiency, we affirm the district court's judgment against American Bonding Company.

AFFIRMED.