A96A2347. DAZA v. STATE OF GEORGIA.
(480 SE2d 622)

ANDREWS, Chief Judge.

Whitney Armstrong Daza appeals from the judgment entered on the forfeiture of a criminal bond for her appearance on the charge of trafficking in heroin.

Daza, as principal, and Osborne Bonding & Surety Company, as surety, were jointly and severally bound on the bond. Upon Daza's failure to appear as required, the prosecutor proceeded to forfeit the bond. The trial court ordered the bond forfeited and ordered a hearing requiring that cause be shown why judgment should not be entered on the forfeited bond and execution issued on the judgment. The day after the hearing, pursuant to a motion by the State, the trial court entered an order in which it "dismissed" the judgment it had granted on the forfeited bond. The motion was brought because, after the judgment was granted, the surety brought to the State's attention that proper notice had not been given prior to the hearing. After the criminal case was called again, and Daza again failed to appear as required under the bond, the prosecutor proceeded for the second time to forfeit the bond. The trial court again ordered the

bond forfeited and set another hearing date to consider whether judgment should be entered and execution issued. After the second hearing, the trial court entered judgment on the forfeited bond against Daza and her surety.

Daza claims the trial court erred in entering judgment after the second forfeiture proceeding because the State failed to pay court costs of a previously dismissed action under OCGA § 9-11-41 (d) after the judgment sought in the first proceeding was "dismissed." There was no error. Although the forfeiture proceeding was a civil case, it was a summary procedure pursuant to OCGA § 17-6-70 et seq., and there was no requirement that the State initiate a separate civil action to forfeit the bond. *State v. Slaughter*, 246 Ga. 174, 176 (269 SE2d 446) (1980). The trial court's order "dismissing" the first judgment was pursuant to its inherent discretionary power to vacate a judgment during the pending term for the purpose of promoting justice and had the effect of returning the case to the posture it occupied prior to the first judgment. See *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 28, 1997.

*T. Michael Martin*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.