**Richard SCHRIER, Appellee,**

v.

**STATE of Iowa, Appellant.**

No. 96–1697.

Supreme Court of Iowa.

Dec. 24, 1997.

 

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano, Assistant County Attorney, for appellant.

James A. Benzoni, Des Moines, for appellee.

Considered by HARRIS, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The State appeals from a postconviction relief order vacating the conviction of Richard L. Schrier for first-degree sexual abuse and first-degree murder and ordering a new trial on the charges. The State argues the district court did not have subject matter jurisdiction and therefore the order was void. We affirm.

### I. Background Facts and Proceedings.

In 1979, Richard Schrier was convicted of first-degree sexual abuse and first-degree murder in connection with the 1978 death of Matthew, his two-year-old son. This is the third time Schrier has been before this court. The first time was on direct appeal from his conviction. *State v. Schrier,* 300 N.W.2d 305 (Iowa 1981). In that appeal, Schrier challenged the sufficiency of the evidence used to convict him. We affirmed the conviction.

Schrier next came before this court in his first postconviction relief proceeding. *Schrier v. State,* 347 N.W.2d 657 (Iowa 1984). He alleged ineffective assistance of counsel during his trial and direct appeal. We found Schrier was not denied a fair trial and affirmed the trial court's ruling denying him relief.

This action, Schrier's second postconviction relief action, was filed on October 16, 1991. His application alleged six separate grounds for relief. He contends the expert testimony presented by the State at his initial trial was in error on the significance of the levels of prostatic acid phosphatase found in Matthew's body. He further alleges his trial counsel was ineffective in addressing the evidence, that his first postconviction counsel was ineffective in raising the issue in the postconviction action, and that his appellate counsel for his first postconviction relief was inadequate for the same ground.

The State filed a motion to dismiss the second postconviction action on grounds it was brought after the statute of limitations had expired. At a hearing held on September 6, 1996, Assistant Polk County Attorney Steve Foritano agreed that the testimony concerning the acid phosphatase test result was "incorrectly characterized at [Schrier's initial] trial" and that the testimony "would have played a significant part in the jury's determination of Mr. Schrier's guilt." Foritano also stated that on the basis of the results of an investigation conducted by his office that "Mr. Schrier is entitled to a new trial." The court recognized the State agreed Schrier should get a new trial and directed a joint stipulated order be prepared and submitted to the court. The order was prepared and entered on the hearing date. A new trial was granted only on the first-degree murder conviction.

On September 27, Assistant Polk County Attorney Joseph Weeg, acting on the State's behalf, filed a motion to reconsider. The same day, a notice of appeal was filed with the district court and a petition for writ of certiorari and a motion for limited remand was filed with us. The writ of certiorari challenged the authority of the district court to grant the relief ordered and the authority of the State to agree to the grant of a new trial. On October 1, the trial court denied the State's motion to reconsider as untimely. We denied the petition for writ of certiorari.

Schrier filed an application for an order nunc pro tunc that would grant a new trial on the first-degree sexual abuse charge. The State resisted the application. After a hearing, the district court granted the application. The court stated it was not its intention to give Schrier a new trial on the murder charge "while refusing to grant a new trial on the sex abuse charges, which were based on the exact same faulty medical evidence." As a result of the order nunc pro tunc, the September 6 order was corrected to give Schrier a new trial on both the sexual abuse and murder charges.

The State filed a supplemental notice of appeal. On appeal, the State contends that the district court lacked subject matter jurisdiction to grant Schrier a new trial. No challenge is made to the court's ruling on the motion to reconsider or the order nunc pro tunc.

## II.  Scope of Review.

■ A postconviction proceeding is a civil action triable at law and ordinarily this court reviews for errors. *Jones v. State,* 545 N.W.2d 313, 314 (Iowa 1996).

## III.  Statute of Limitations for Postconviction Actions.

■ Any person convicted of a public offense and who claims there exists evidence of material facts, not previously presented and heard, that require vacation of a conviction in the interest of justice may institute a postconviction proceeding to secure relief. Iowa Code § 663A.2(4) (1991).[1] Prior to July 1, 1984, a postconviction relief action could be filed at any time. *Id.* § 663A.3 (1983). In 1984, the legislature amended the Code to include a three-year statute of limitations for postconviction actions. 1984 Iowa Acts ch. 1193, § 1. Schrier's direct appeal ruling was filed by us on January 4, 1981. Under our holding in *Brewer v. Iowa District Court,* 395 N.W.2d 841, 844 (Iowa 1986), any postconviction action by Schrier should have been filed by June 30, 1987.

The statute that imposes a three-year time period for bringing postconviction actions, also contains an exception for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 663A.3 (1991). The State in its motion to dismiss urged Schrier had previously raised a challenge to the scientific evidence in his first postconviction action. However, the district court was not required to determine if Schrier met the statutory "exception" because the State consented to a new trial.

## IV.  Subject Matter Jurisdiction.

■ The sole issue raised by the State on appeal is whether the order granting a new trial is void and of no effect because it was rendered without subject matter jurisdiction. Subject matter jurisdiction refers to the authority of the court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention. *Tombergs v. City of Eldridge,* 433 N.W.2d 731, 733 (Iowa 1988). The Iowa district court is a court of general jurisdiction. *In re Guardianship of Matejski,* 419 N.W.2d 576, 577 (Iowa 1988). As such, it is empowered by the Iowa Constitution to hear all cases in law, equity, or special proceedings. *Id.* The legislature may prescribe regulations for the manner in which the jurisdiction is exercised, but it cannot limit the court's jurisdiction. *Id.* There is no question that the district court had subject matter jurisdiction over the postconviction relief proceeding. Iowa Code chapter 822 establishes the regulations governing the district court's authority over postconviction relief proceedings.

■ Once again we are confronted with confusion over the distinction between subject matter jurisdiction and authority. *See Holding v. Franklin County Zoning Bd. of Adjustment,* 565 N.W.2d 318, 319 (Iowa 1997). Where the court has subject matter jurisdiction but for some other reason cannot hear the case, the court lacks authority. This is sometimes referred to as "lack of jurisdiction of the case." *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989). A court lacks authority to hear a particular

---

**1.** Iowa Code chapter 663A is now codified at      chapter 822.

case where a party fails to follow the statutory procedures for invoking the court's authority. *Id.* However, in *State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993), we held "where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver, or estoppel."

 While the district court had subject matter jurisdiction over Schrier's second postconviction relief proceeding, under normal circumstances the court would have lacked authority to hear the case because the statute of limitations had expired. *See Wilkins v. State*, 522 N.W.2d 822 (Iowa 1994); *Fuhrmann v. State*, 433 N.W.2d 720 (Iowa 1988). Nonetheless, the State consented to the court's authority by agreeing that Schrier should receive a new trial. As a result of the consent to the court's authority, the State waived the statute of limitations issue.

**AFFIRMED.**