# IN THE SUPREME COURT OF IOWA

No. 119 / 04-1661

Filed February 2, 2007

**STATE OF IOWA,**

Appellee,

vs.

**KHRISTA KAY ERDMAN,**

Defendant,

**ALWAYS AFFORDABLE BAIL BONDS, INC.
and RANGER INSURANCE,**

Appellants.

_____

Appeal from the Iowa District Court for Story County, Thomas R. Hronek, District Associate Judge.

A surety company and its agent appeal from an entry of judgment on an appeal bond. **DISTRICT COURT JUDGMENT VACATED AND CASE REMANDED.**

Brent D. Rosenberg of Rosenberg, Stowers & Morse, Des Moines, for appellants.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Timothy C. Meals, Assistant County Attorney, for appellee.

**HECHT, Justice.**

Ranger Insurance Company and its agent, Always Affordable Bail Bonds, Inc., appeal from a judgment in the amount of $26,500 entered by a district associate judge on an appearance bond. We conclude the court lacked subject matter jurisdiction to enter the judgment. We therefore vacate the judgment and remand to the district court for further proceedings consistent with this opinion.

## I. Factual Background and Proceedings.

Khrista Kay Erdman was charged with two forgeries and two identity thefts in Story County on July 8, 2004. She was arrested and then released after posting an appearance bond in the amount of $26,500. The bond was issued by Ranger through its agent, Always Affordable. While Erdman was out on bond, she was arrested on other criminal charges and jailed in Marion County.

Because she was in jail in Marion County, Erdman failed to appear as scheduled in Story County District Court on July 26, 2004. That court ordered the bond forfeited and scheduled for August 11 a hearing on the entry of judgment. A district associate judge ordered entry of judgment against Erdman and Ranger on August 11 after noting that "neither the defendant nor [her] surety appear[ed]."

Always Affordable and Ranger hired counsel who filed a motion requesting the judgment be set aside and alleging (1) the associate district court was without jurisdiction to enter a judgment in excess of $10,000; (2) the judgment in excess of the court's jurisdiction was based on an "irregularity" under Iowa Rules of Civil Procedure 1.1004(1) and 1.1012(2); (3) the court abused its discretion in entering judgment on the forfeited bond because Erdman's failure to appear as ordered in Story County was

neither intentional nor willful; and (4) the court abused its discretion in denying Dave Ellis, a non-lawyer sole shareholder and only officer of Always Affordable, the opportunity to appear at the August 11 hearing as the agent of Always Affordable and Ranger.

The court denied the motion to set aside the judgment, ruling that (1) because the court had jurisdiction in the criminal case in which Erdman's bond was set and forfeited, the court also had jurisdiction to enter judgment on the forfeited bond in excess of $10,000, and (2) judgment was properly entered against Erdman and Ranger because (a) they failed to appear at the August 11 hearing through Ellis, a non-lawyer, and (b) entry of judgment on the forfeited bond was mandatory under Iowa Code section 811.6(1) because the defendant and her surety failed to appear. Always Affordable and Ranger appeal, contending the court (1) lacked subject matter jurisdiction to enter the judgment, and (2) abused its discretion in precluding Ellis from participating in the August 11 hearing on behalf of Always Affordable and in refusing to set aside the judgment.

## II. Scope of Review.

Our scope of review of rulings on subject matter jurisdiction is for correction of errors at law. *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984).

## III. Discussion.

"Subject matter jurisdiction refers to the power of the court to hear and determine cases of the general class to which the proceeding in question belongs." *Smith v. Smith,* 646 N.W.2d 412, 414 (Iowa 2002). It is conferred by the Iowa Constitution and by statute. Iowa Const. art. V, § 6 (conferring jurisdiction upon the district court over civil and criminal matters as prescribed by law); Iowa Code § 602.6101 (2003) (conferring upon the

district court all powers of a court of general jurisdiction); *Powell v. Khodari-Intergreen Co.*, 303 N.W.2d 171, 173 (Iowa 1981). The subject matter jurisdiction of district associate judges in civil actions for money judgment is limited to those cases in which the amount in controversy does not exceed $10,000. Iowa Code § 602.6306(2).

In this case, the State sought and the district associate court entered judgment well in excess of $10,000. The State contends the court had jurisdiction to do so because (1) the judgment was not entered in a civil action for a "money judgment" or "money damages;" and (2) the bond that formed the basis for the judgment was issued in cases alleging two class "D" felonies and two aggravated misdemeanors over which the court clearly had jurisdiction. The State further contends it is implausible to suggest that the court had jurisdiction to set and forfeit the bond, but could not enter judgment on the bond to enforce the forfeiture. We disagree.

A proceeding in which the State seeks judgment on a bail bond is a civil action. *State v. Costello*, 489 N.W.2d 735, 738 (Iowa 1992); *State v. Zylstra*, 263 N.W.2d 529, 531 (Iowa 1978). The State's objective in such an action is clearly to reduce a forfeited bond to a money judgment. The "controversy" in the action is, of course, whether the defendant and her sureties can show cause why judgment should not be entered for the amount of the bail bond. Iowa Code § 811.6(1). The "amount in controversy" is therefore the amount of the forfeited bond. Although the State correctly notes an action seeking such a judgment is different in some respects from an action for money damages, the objective of each is the same: a money judgment. We conclude that the associate district court's jurisdiction to enter judgment on forfeited bail bonds is confined to cases in which the forfeited bond does not exceed $10,000. *Id.* § 602.6306(2).

We are not persuaded that, by its grant of subject matter jurisdiction in criminal cases alleging indictable misdemeanors and class "D" felonies, the legislature intended to impliedly confer upon the associate district court unlimited jurisdiction to enter judgment on bail bonds in excess of $10,000. If the legislature had intended to confer such jurisdiction, it would have done so expressly. *See State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006) (" 'We determine legislative intent from the words chosen by the legislature, not what it should or might have said.' " (quoting *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004))).

Having decided that the judgment entered in this case is void for lack of jurisdiction, we must decide an appropriate disposition. The decision whether to enter judgment for the amount of the forfeited bail bond depends on whether Erdman, Ranger, or Always Affordable can show cause why judgment should not be entered. *Id.* § 811.6(1). That decision is within the district court's exercise of discretion.[1] *Costello*, 489 N.W.2d at 738; *Shell*, 242 Iowa at 264, 45 N.W.2d at 854. Because we have decided to vacate the judgment on the bond, and we do not expect the issue to recur on remand, we do not reach the question of whether the district court erred in denying Always Affordable and Ranger the opportunity to participate in the August 11 hearing through their non-lawyer agent, Ellis. The judgment is vacated, and this case is remanded for further proceedings consistent with this opinion.

**DISTRICT COURT JUDGMENT VACATED AND CASE REMANDED.**

All justices concur except Appel, J., who takes no part.

---

[1] We express no opinion on the question of whether Erdman, Ranger, or Always Affordable will be able to show cause why judgment should not be entered in the amount of the forfeited bond. *See State v. Shell*, 242 Iowa 260, 264, 45 N.W.2d 851, 854 (1951); *State v. Dodd*, 346 N.W.2d 42, 42 (Iowa Ct. App. 1984).