**STATE of Iowa, Plaintiff–Appellee,**

v.

**Librado MARRUFO–GONZALEZ, Defendant,**

and

**Always Affordable Bail Bonds, Inc., and Universal Fire and Casualty Company, Appellants.**

**No. 10–2125.**

Court of Appeals of Iowa.

Nov. 9, 2011.

Brent Rosenberg of Rosenberg & Morse, Des Moines, for appellants.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Ernie Rose, Student Legal Intern, for appellee.

Heard by DANILSON, P.J., and TABOR and MULLINS, JJ.

DANILSON, P.J.

Sureties, Always Affordable Bail Bonds and Universal Fire and Casualty Company (collectively Always Affordable), appeal

from the district court's forfeiture and judgment upon defendant Librado Marrufo–Gonzalez's $5000 surety bond. Always Affordable contends the district court erred in entering a second forfeiture on the bond which had been previously forfeited, and upon which judgment had been entered and set aside after the defendant had posted new bond and was released from custody. Always Affordable also argues the district court lacked subject matter jurisdiction to enter judgment on the bond. Upon our review, we conclude the district court had subject matter jurisdiction but upon the defendant's surrender to the Polk County Sheriff, the Always Affordable surety bond no longer served as a guarantee of his appearance. New bail was fixed, and no court order required the $5000 surety bond to remain a condition, or part of a combination of conditions, of the defendant's release. Moreover, Always Affordable did not consent to the expansion of its obligation or contract with the State to assure that the defendant made subsequent appearances. The fact the defendant was later released did not permit the court to reinstate the obligations of the surety without its consent and did not return the parties to the status quo. Upon the court's order filed August 30, 2006, which set aside judgment entered on the forfeited bond, and the return of the defendant's custody to the sheriff, Always Affordable was discharged from any further duties. After August 30, 2006, all further court orders were of no legal consequence to Always Affordable. Accordingly, the judgment of the district court is reversed, and we remand this case for further proceedings consistent with this opinion.

1. An active warrant remains in force for the defendant.

## I. Background Facts and Proceedings.

Marrufo–Gonzalez was charged with two criminal offenses on January 28, 2006. As the case proceeded, it became necessary to fix bail on four separate occasions due to Marrufo–Gonzalez's failure to appear. He was able to post three of the bail bonds.[1]

The first of the posted bonds was exonerated; the second (the bond at issue in this case that was posted by Always Affordable) had judgment entered against it which was later set aside; and the third was apparently forfeited with no further action taken. This case became muddy when the defendant repeatedly failed to appear, and various orders cited sureties (including Always Affordable) that were no longer involved in his case. This appeal arose after a second judgment was entered on Always Affordable's forfeited bond nearly four years after the original judgment on the forfeited bond had been set aside. The issue before us is straightforward; however, we reiterate the procedural history in order to explain our conclusion.

After Marrufo–Gonzalez's arrest, bail was set at $1950. Collis Bonding posted a surety bond, and the defendant was released from the Polk County Jail. On March 13, 2006, the defendant appeared for his initial appearance, and a pretrial conference was set for March 30.[2]

The defendant failed to appear at the March 30 pretrial conference, and the court ordered the forfeiture of his bond. In accordance with Iowa Code section 811.6 (2005), the court set a hearing for April 24 to allow the defendant and Collis Bonding to appear and show cause why judgment should not be entered for the amount of the bond. The court issued a

2. All dates refer to 2006 unless otherwise noted.

bench warrant for the defendant, with bond set at $5000, cash or surety.

On April 21, the district court issued the following order in regard to the forfeited bond:

> In the interest of justice, no judgment is entered on the forfeited bond [posted by Collis Bonding]. Forfeiture hearing is cancelled. Surety [Collis Bonding] is exonerated.[3]

The defendant appeared on May 28. The defendant's $5000 bond was posted by Always Affordable on May 30. The defendant appeared again on June 1, and the court set a pretrial conference for June 29.

The defendant failed to appear for the June 29 pretrial conference, and the court ordered forfeiture of his bond. The court entered an order setting a show cause hearing for July 31. The court issued a bench warrant for the defendant, with bail set in the sum of $10,000, cash or surety.

Always Affordable appeared at the July 31 show cause hearing. The defendant did not appear. The court continued the hearing to August 28. The defendant also failed to appear at the August 28 hearing. On that date, the court entered judgment against Always Affordable in the amount of the forfeited bond, $5000.

The defendant was surrendered to the custody of the Polk County Sheriff's Department two days later, on August 30. On that date, the court entered an order requiring a "$500 cash bond" be posted. The record also reflects on the same day the cash bond was posted by the defendant, he was released, and the court set a pretrial conference for September 14.

A separate order was also entered on August 30, described as an "Order Setting Aside Bond Forfeiture," in which the court set aside the judgment entered against Always Affordable in light of the defendant's surrender to custody. The order stated, in pertinent part:

> Judgment of Forfeiture was entered in this case on August 28, 2006. The Defendant was surrendered to the custody of the Sheriff within 60 days of that date pursuant to Section 811.6 Code of Iowa on the payment any, as costs incurred in connection with this matter, *the judgment entered is ordered set aside.*

(Emphasis added.)

Subsequently, the defendant failed to appear for the September 14 pretrial conference. On that date, the court entered an order setting a show cause hearing for October 30. The court forfeited the bond posted and issued a bench warrant for the defendant. Bond was set at $10,000, cash only. In the order, it recites that copies were sent to "Cash Bond"—defendant, and "Surety"—Collis Bonding and Always Affordable.

A show cause hearing took place on September 19 "as to Collis Bond only." Following the hearing, the court entered an order stating, "The Defendant's bond was exonerated before the order of forfeiture was entered. Therefore, the hearing is cancelled."

On October 18, the defendant's case came before the court for trial. The defendant failed to appear. The court entered an order stating that the warrant issued for the defendant's arrest was to remain in full force and effect.

Nearly four years later, on September 3, 2010, the court filed an order stating that the defendant had failed to appear for a pretrial conference on November 21, 2008. The court noted that the warrant for the defendant's arrest was still in force and set a show cause hearing for September 27,

---

**3.** This order discharged Collis Bonding from the $1950 bond.

2010. The order noted that the defendant had posted a cash bond.

No one appeared at the September 27, 2010 hearing. In an order filed that same day, the court entered judgment on the forfeited $5000 bond of the defendant "and Sandra Herman."[4] Three days later, on September 30, 2010, the court filed an amended order, entering judgment against the defendant and Always Affordable (instead of Sandra Herman), in the amount of $5000. However, the amended order incorrectly reflected that the hearing had occurred on September 30, 2010, rather than September 27, 2010.

On October 12, 2010, another order was entered citing the hearing date of September 27, 2010. However, this order entered judgment on the forfeited "cash" of the defendant, in the amount of $500.

On October 20, 2010, the court entered an order denying Always Affordable's oral motion to reconsider the judgment entered on September 30, 2010. As the court's order noted, "[Always Affordable] never withdrew its bond, and therefore the defendant was still bonded by the surety agency."

On October 26, 2010, the court entered an order setting aside the September 27 and 30, 2010 orders, and continuing the hearing to November 29, 2010.[5]

A reported hearing was held on November 29, 2010. Always Affordable appeared and presented arguments in regard to the $5000 bond. Always Affordable argued that "the key order in this case is dated August 30, 2006," where the court ordered that the judgment entered on the forfeited bond on August 28, 2006 be "set aside."

Always Affordable also argued that the court could not now enter judgment on a forfeited bond after judgment was set aside and the defendant was required to post new bond.

The court rejected Always Affordable's arguments. On December 6, 2010, the court entered judgment against Always Affordable, in the amount of the $5000 forfeited bond. Always Affordable now appeals.

## II. Scope and Standard of Review.

 The district court has discretion to enter judgment in a bond forfeiture hearing. *State v. Cain,* 608 N.W.2d 793, 794 (Iowa 2000). Our review of the court's ruling is for abuse of discretion. *Id.* This standard is breached when the court exercises its discretion on grounds that are clearly untenable, or to an extent clearly unreasonable. *Id.* Subject matter jurisdiction issues are reviewed for correction of errors at law. *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002). The review for legal error concerning the court's authority to enter an order is for correction of errors at law. Iowa R.App. P. 6.907; *see also In re Marriage of Engler,* 532 N.W.2d 747, 748 (Iowa 1995).

## III. Jurisdiction.

We first address Always Affordable's argument that the district court lacked subject matter jurisdiction to enter a second forfeiture and judgment against the $5000 surety bond. The State contends the issue is one of "authority" to enter the order rather than subject matter jurisdiction. We agree.

---

4. Apparently, the court was handling several matters involving Sandra Herman around the time of this hearing, and mistakenly included her name on the order.

5. Apparently, the court continued the hearing due to confusion on behalf of Always Affordable as to (1) the extent of its involvement in the case, and (2) what hearings had actually occurred.

The debate of whether a court lacks subject matter jurisdiction or simply lacks the authority in a case has been thoroughly discussed by our supreme court. *See, e.g., Schrier v. State,* 573 N.W.2d 242, 244 (Iowa 1997). As the court noted, "[o]nce again we are confronted with confusion over the distinction between subject matter jurisdiction and authority," and explained:

> Subject matter jurisdiction refers to the authority of the court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention. The Iowa district court is a court of general jurisdiction. As such, it is empowered by the Iowa Constitution to hear all cases in law, equity, or special proceedings. The legislature may prescribe regulations for the manner in which the jurisdiction is exercised, but it cannot limit the court's jurisdiction.

*Id.* In explaining the difference, the court articulated, "Where the court has subject matter jurisdiction but for some other reason cannot hear the case, the court lacks authority." *Id.* A lack of authority exists where "a party fails to follow statutory procedures in invoking the court's authority." *Id.* at 245.

Clearly, the district court had subject matter jurisdiction over bail forfeiture proceedings pursuant to Iowa Code chapter 811. The question becomes whether the district court had authority to enter a second forfeiture and judgment against the surety bond.

## IV. Discussion.

Always Affordable argues the district court erred in entering a second judgment on a bond that had been previously forfeited and upon which judgment had been entered and set aside. Always Affordable contends that "once a bond has been forfeited, judgment set aside and new bond posted, judgment may not thereafter be entered on the same bond for a subsequent failure to appear."

■ The purpose of a bail bond is to assure the defendant's presence in court when such presence is required to answer to the charge for which the bond is given. *State v. Benedict,* 234 Iowa 1178, 15 N.W.2d 248, 250 (1944); *see also Cain,* 608 N.W.2d at 796; *State v. Costello,* 489 N.W.2d 735, 737 (Iowa 1992). In assuming the position of bail, the surety becomes obligated to produce the defendant in open court when his appearance is required. *Costello,* 489 N.W.2d at 737. "Stated otherwise, when the State releases a defendant from confinement it commits him to the exclusive custody of his surety, who becomes 'the jailer of his own choosing.'" *Id.* at 737–38.

■ If a defendant fails to appear as lawfully required, the defendant's bail may be forfeited and judgment entered for the amount of the bail. *See* Iowa Code § 811.6 (providing that forfeiture can be entered after ten days' notice to defendant and sureties to allow sureties a hearing to show cause or reasonable excuse for failing to produce the defendant). The proceedings for forfeiture of bail and judgment are civil actions, which may only be enforced in strict compliance with the statute. *Costello,* 489 N.W.2d at 738. These statutes imposing forfeitures are strictly construed against forfeiture and liberally toward those opposing it. *Cain,* 608 N.W.2d at 797; *see also State v. Zylstra,* 263 N.W.2d 529, 531 (Iowa 1978); *State v. Shell,* 242 Iowa 260, 45 N.W.2d 851, 853 (1951). The court's decision to enter judgment for the amount of the bail on the forfeiture is discretionary with the court. *Costello,* 489 N.W.2d at 738; *Shell,* 45 N.W.2d at 854.

*A. Orders Fixing or Amending Bail Conditions.* In this case, the defendant failed to appear for his pretrial conference, and the court ordered forfeiture of his $5000 bond. The show cause hearing took place on July 31, at which time the defendant still did not appear before the court. The court continued the hearing to August 28, and again, the defendant failed to appear. At that time, the court exercised its discretion and entered judgment against Always Affordable in the amount of the forfeited surety bond, $5000. However, two days later, the defendant surrendered himself to the custody of the Polk County Sheriff's Department. On the day of his surrender, the court entered an order permitting the defendant to post a "$500 cash bond," which the defendant posted, and he was again released. The court also entered an order setting aside the judgment entered against Always Affordable on the forfeited $5000 bond.

The State argues that by setting aside the judgment, the parties were returned to the status quo, and the defendant's bail conditions included both the $5000 surety bond and the $500 cash bond.

We acknowledge that Iowa Code section 811.2(1) provides that in fixing bail, the judicial officer may set a single condition or any combination of permissible bail conditions specified in subsections (a) through (e).[6] The judicial officer may also "at any time amend the order to impose additional or different conditions of release." Iowa Code § 811.2(6). Thus, it is permissible to require a surety bond and cash bond either initially or as an amendment to the original bail condition(s). *Id.* § 811.2(1)(*d*). Further, in the event the defendant has failed to appear, has violated a condition of release, or the judicial officer determines at any time that bail is insufficient, the judicial officer may enter an order for recommitment. *Id.* § 811.7(1). If the defendant has failed to appear, the defendant "must be committed according to the requirements of the order." *Id.* § 811.7(3).

Here, the defendant failed to appear for a pretrial conference,[7] and an order for recommitment entitled "Order for Bond Forfeiture Hearing and Order for Warrant" was filed on June 29. The order required the issuance of a bench warrant with bail set in the sum of $10,000, cash or surety. Subsequently, on August 30, the defendant was returned to the custody of the Polk County Sheriff. As previously noted, the judicial officer revised his bail conditions to $500 cash.[8] Neither the June

6. Permissible bail conditions include: (a) placing the defendant in the custody of a designated person or organization agreeing to supervise the defendant; (b) placing restrictions on the travel, association, or place of abode of the defendant during the period of release; (c) requiring the execution of an appearance bond in a specified amount and the deposit with the clerk of the district court or a public officer designated under section 602.1211, subsection 4, in cash or other qualified security, of a sum not to exceed ten percent of the amount of the bond, the deposit to be returned to the person who deposited the specified amount with the clerk upon the performance of the appearances as required in section 811.6; (d) requiring the execution of a bail bond with sufficient surety, or the deposit of cash in lieu of bond; and (e) impos-ing any other condition deemed reasonably necessary to assure appearance as required, or the safety of another person or persons. *See* Iowa Code § 811.2(1)(a)–(e).

7. The order forfeiting bond reflects that the defendant failed to appear for arraignment, but the "continuance scheduling order" reflects that the defendant failed to appear for pretrial conference. A pretrial conference was fixed for June 28 by the "order continuing court date" filed June 1 so we have assumed the failure to appear was for the pretrial conference.

8. The revised bail conditions are memorialized in a "Continuance Scheduling Order" dated August 30.

29 order nor the August 30 order required a combination of bail conditions before the defendant could be released or imply the court was imposing an additional condition of this release. Because neither order references the continuation of the $5000 surety bond as a part of the bail conditions, we consider whether there is any statutory support for the court's action.

B. *Statutory Duration of Bail Bond.* The district court, in its oral rendition of its ruling, concluded the $5,000 surety bond remained subject to forfeiture because all bonds continue unless withdrawn or otherwise ordered. We acknowledge Iowa Code section 811.2(1)(d) provides in part that "bail initially given remains valid until final disposition of the offense or entry of an order deferring judgment." [9] Further, section 811.10 provides a surety bond is discharged upon specified events: dismissal of the charges, acquittal, conviction, deferment of judgment, or in the event the case is continued in excess of six months. [10] However, these provisions must be interpreted in conjunction with other provisions in chapter 811. *See Griffin Pipe Prods. Co. v. Guarino*, 663 N.W.2d 862, 865 (Iowa 2003) ("To ascertain the meaning of the statutory language, we consider the context of the provision at issue and strive to interpret it in a manner consistent with the statute as an integrated whole.").

A bail bond does not remain valid, and in fact is exonerated at any time in the proceedings before forfeiture by the defendant's surrender "to the officer to whose custody the defendant was committed at the time of giving bail." Iowa Code § 811.8(1). [11] As previously noted, the court also retains authority to amend the bail conditions as set forth in section 811.2(6), which could include reduction or elimination of a bail condition. The amended bail conditions could alleviate the need for a surety bond. Perhaps a more frequent occurrence where a bail bond does not remain valid until final resolution of the charge, is through forfeiture and entry of judgment for the amount of the bail as provided in section 811.6.

Considering the various methods that require or permit bail to be discharged or exonerated before final resolution of the charge, a strict reading of section 811.2(1)(*d*) is inappropriate. Rather, we conclude the statutory language in section 811.2(1)(*d*) that "bail initially given remains valid until final disposition of the offense or entry of the order deferring judgment" is intended to (1) limit the duration of the liability on the bail bond and (2) prohibit an individual or surety that posted a defendant's bail from later having a change of heart and demanding the return of the bail without surrender of the defendant pursuant to the requirements of section 811.8. *See* 8A Am.Jur.2d Bail and Recognizance § 126, at 649–50 (2009) ("Under some states' statutes, sureties on

---

9. Neither party has relied upon section 811.2(1)(d) in their arguments, but we are unable to find any other authority that may support the district court's conclusion.

10. Bail can be permitted after deferment of judgment in accordance with section 811.11.

11. Upon the defendant's surrender and the receipt of a certified copy of the undertaking of bail (or certificate of money deposited instead of bail), the custodial officer must "ac-

knowledge the surrender by a certificate in writing." Iowa Code § 811.8(1), (2). The judicial officer shall then immediately order return of the money deposited to the person who deposited the same, or order an exoneration of the surety. *Id.* § 811.8(2). For purposes of surrendering the defendant, the surety may arrest the defendant, or may empower any person of suitable age and discretion to do so. *Id.* § 811.8(3) (noting certain statutory limitations to the power to arrest the defendant).

a written undertaking are liable on the undertaking during all proceedings and for all appearances required of the defendant up to and including the surrender of the defendant in execution of any sentence imposed."). Accordingly, exceptions exist to the general rule that bail bonds remain valid until final disposition as pronounced in section 811.2(1)(d). We next consider if any exceptions apply to the surety bond posted by Always Affordable.

■ *C. Return to Status Quo.* The State contends the surety bond continues because multiple forfeitures are permissible on the same bond where the forfeiture and judgment on the bond are set aside. In such circumstances, the State argues, the parties are returned to status quo or the bail bond is reinstated. We disagree, at least insofar as the facts also reflect the defendant has been returned to the custody of the sheriff and the surety has not consented to a continuation of the surety bond.

The State cites several cases from other jurisdictions in support of a second forfeiture. A Georgia appellate court permitted a second forfeiture where proper notice was not given in connection with the hearing to determine if judgment should be imposed on the bond. *Daza v. State,* 224 Ga.App. 383, 480 S.E.2d 622, 623 (1997). In that case, rather than resetting the hearing to give proper notice, the prosecutor sought a second forfeiture on a subsequent failure to appear and proceeded to obtain judgment on the bond. *Id.* A Florida appellate court permitted a second forfeiture where the surety successfully moved to dismiss a forfeiture and judgment because the defendant was incarcerated elsewhere. *Resolute Ins. Co. v. State for Use & Benefit of Dade Cnty.,* 289 So.2d 454, 456 (Fla.Dist.Ct.App.1974). More recently, a different Florida appellate court concluded that the State's failure to comply with a statutorily required notice of when the defendant was to appear did not "invalidate the bonding agreement between the State and the surety." *Wiley v. State,* 451 So.2d 916, 920 (Fla.Dist.Ct.App. 1984).

The facts in this case are distinguishable from the cases cited by the State because here the defendant was surrendered to the sheriff, new bail was fixed, and no court order required the $5000 surety bond to remain a condition of the defendant's release. Even the court in *Wiley* acknowledged that, "Ordinarily, a bail bond is cancelled when it no longer appears necessary to look to the surety to guarantee the appearance of the accused at subsequent court proceedings on the particular charges covered by the bond." *Id.* at 922.

■ Moreover, our supreme court has long since concluded a bail bond may not be forfeited twice where the defendant has been returned to the custody of the sheriff. *State v. Holmes,* 23 Iowa 458, 463–64 (1867). In *Holmes,* the defendant had been rearrested after forfeiture and notwithstanding the surety's failure to surrender the defendant the court, a second forfeiture was not authorized. *Id.* As the court stated:

This question has not heretofore been decided by this court, but has received an adjudication in other courts, and is not, as it seems to us, difficult of solution.

When the prisoner failed to appear agreeably to the conditions of his bond, he not only forfeited his bond, but he forfeited his liberty, and his re-arrest was authorized by the express terms of the section of the Revision above referred to.

When the court, under the authority of the statute, repossessed itself of his custody, what were the rights of the

prisoner? Could he claim to be set at liberty and remitted to the hands of his surety? Certainly not, because both he and they had broken faith with the State, in not keeping their bond. Could he successfully apply for, and be discharged under a writ of *habeas corpus?* By no means, for the reason that his re-arrest and imprisonment was in virtue of the authority of the statute; he had forfeited his liberty and his rights under his bail bond by violating the same.

His sureties had no right to demand his liberty or their keepership of him, for it was the duty of the court, under the statute, after arresting, to commit him to jail until he was legally discharged. We suppose, however, it would be in the power of the court to rebail him upon giving new and satisfactory security.

Now, with this complete statutory control over the person and custody of the prisoner after he makes default, voluntarily assumed and exercised by the court as in this case, upon what principle is it, we ask, can the defendants in this action he held liable for a default of the prisoner made after such arrest? They had already been released from a default made prior thereto. Their undertaking is based upon the idea that the prisoner is to be in their keeping and under their control, but here the control and keepership are both placed absolutely beyond their reach, by the action of the court at the instance of the State which now seeks to make the defendant responsible for the laches of its own officers. We know no principle in law by which this can or ought to be done. The law enforces no duty where the power to perform has been taken away or divested by the party in whose favor the obligation exists.

We have said that the question of the defendant's liability, under like circum-stances, has been passed upon by other courts, to the effect of the non-existence of such liability.

*Id.* at 460–62. The court subsequently addressed a similar issue in *State v. Orsler,* 48 Iowa 343, 343–44 (1878), where bond was forfeited, the defendant arrested, and the defendant was later released by order of the court. As the court observed:

> The prisoner was lawfully in the custody of the sheriff. The bail before given was then discharged. The law does not contemplate that the surety shall be responsible for the appearance of a prisoner in the lawful custody of the law. It is to be presumed that the arrest and custody takes the place of the bail to secure appearance. The surety being discharged of liability, we know of no law which will permit the obligation to be again imposed upon him without his consent. We are of the opinion that the arrest of the accused released the bail bond.

*Id.* at 344. More recently, our supreme court has continued to abide by the principle that "when the State releases a defendant from confinement it commits him to the exclusive custody of his surety, who becomes [the] jailer of his own choosing." *State v. Zylstra,* 263 N.W.2d 529, 531 (Iowa 1978) (internal quotation omitted). Notably, when the defendant is surrendered, there is a "change of custody from the bail to the law and the bondsman is thereafter exonerated." *State v. Radcliffe,* 242 Iowa 572, 574, 44 N.W.2d 646, 648 (1950). However, we acknowledge under our current statutory scheme, the surrender does not deprive the court of authority to enter judgment where the surrender occurs after forfeiture. *Costello,* 489 N.W.2d at 738; *see* Iowa Code § 811.6.

Here, upon the defendant's surrender to the Polk County Sheriff, the court could no

longer look toward the surety bond as a guarantee of his appearance. The fact the defendant was subsequently released did not permit the court to reinstate the obligations of the surety without its consent and did not return the parties to the status quo. *Holmes*, 23 Iowa at 463–64; *Orsler*, 48 Iowa at 343–44.

*D. General Principles.* This conclusion is also consistent with the general principles underlying the forfeiture statutes and bail bond obligations and agreements. *See* Iowa Code §§ 811.6, 811.8; *Cain*, 608 N.W.2d at 796–97; *Costello*, 489 N.W.2d at 738; *Benedict*, 15 N.W.2d at 250. Here, Always Affordable took a risk when it agreed to post a bond for the defendant, with the understanding that the bond would be forfeited and judgment entered if the defendant did not appear. The undertaking of the bond obligated Always Affordable to produce the defendant for all court appearances and if not, to return him to the Polk County Sheriff. *Costello*, 489 N.W.2d at 737. Indeed, the defendant failed to appear, and judgment was entered on the forfeited bond. However, the defendant was surrendered to the sheriff two days after entry of the judgment. *See* Iowa Code § 811.6(3) (noting the court may set aside the judgment if the defendant is voluntarily surrendered within sixty days of entry of the judgment).

The act of returning the defendant to the Polk County Sheriff completed the surety's contractual duties subject to paying the $5000 judgment. *Holmes*, 23 Iowa at 460–62. Once the sheriff took possession of the defendant, the surety "lost all control of his principal and [could] no longer direct his movements." *State v. Zimmerman*, 112 Iowa 5, 7, 83 N.W. 720, 721 (1900). The issue of whether Always Affordable was entitled to have the judgment set aside for the surety's lack of due diligence in returning the defendant turned on the question of whether Always Affordable had a reasonable excuse for failing to timely produce him. *Costello*, 489 N.W.2d at 738. And the fact the defendant surrendered himself to the sheriff did not "deprive the court of its discretion to enter judgment for the amount of bail against the surety." *Id.; see* Iowa Code § 811.6.

Here, after judgment against Always Affordable was set aside, the defendant was released on a new bond. Permitting a second forfeiture under these circumstances would have resulted in the imposition of additional duties and risk upon Always Affordable, by again requiring the surety to take the defendant into their "custody" and produce him for future court appearances. Under the record before us, Always Affordable did not consent to the expansion of its obligation or contract with the State to assure the defendant made subsequent appearances after his surrender. As aptly observed by a New Jersey court:

[A] bail-bond surety is released from his undertaking as a matter of law if there is a modification of its agreement of which he has no notice and to which he does not consent, provided the modification materially increases his risk.

*State v. Vendrell*, 197 N.J.Super. 232, 484 A.2d 720, 722 (N.J.App.Div.1984); *see generally Cain*, 608 N.W.2d at 796–97 (reversing judgment entered on forfeited bond where defendant should have been recommitted and surety discharged, but for illegal jail policies); *State v. Hawkeye Bail Bonds, Sur.*, 565 N.W.2d 615, 618 (Iowa 1997) (modification did not occur where surety agreed to surrender defendant in execution of judgment where mittimus was delayed); *Orsler*, 48 Iowa at 343–44 (obligation may not be imposed upon surety a second time without consent of surety). Moreover, no court order continued the

surety bond as a part of the defendant's bail conditions, and thus, the State was required to look toward the $500 cash bond as the guarantee of the defendant's appearance, at least until it was forfeited.

Upon the defendant's surrender to the custody of the sheriff, and the entry of the court's order filed August 30, 2006, which set aside judgment entered on the forfeited bond, Always Affordable was discharged from any further duties.[12] Anything that took place subsequent to the court's order on August 30, 2006, is of no legal consequence to Always Affordable.

### V. Conclusion.

We conclude that upon defendant Marrufo–Gonzalez's surrender to the Polk County Sheriff, there was no longer a need to look at the Always Affordable surety bond as a guarantee of his appearance. New bail was fixed, and no court order required the $5000 surety bond to remain a condition, or part of a combination of conditions, for the defendant's release. Always Affordable also did not consent to the expansion of its obligation or contract with the State to assure the defendant made subsequent appearances after his surrender. The fact the defendant was subsequently released did not permit the court to reinstate the obligations of the surety without Always Affordable's consent, and did not return the parties to the status quo. Upon the court's order filed August 30, 2006, which set aside judgment entered on the forfeited bond, and the return of the defendant's custody to the sheriff, Always Affordable was discharged from any further duties. Accordingly, the judgment of the district court is reversed, and we remand this case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**12.** We acknowledge the order setting aside the judgment imposed a requirement that Always Affordable pay the costs "incurred in connection with this matter"; however, the State has not argued that the costs remain unpaid.