**John D. JOHNSON, Petitioner–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent–Appellee.**

No. 00–0463.

Court of Appeals of Iowa.

Aug. 29, 2001.

---

* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2001).

John D. Johnson, Anamosa, pro se.

Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee.

Considered by SACKETT, C.J., and VOGEL and VAITHESWARAN, JJ.

### SACKETT, C.J.

Petitioner–Appellant John D. Johnson appeals the district court's dismissal of his petition for judicial review following denial by the Iowa Board of Parole (parole board) of either parole or work release for petitioner, who is a prisoner currently serving three consecutive ten-year sentences for a 1990 conviction of third-degree sexual abuse. Petitioner claims on appeal that the Department of Corrections (DOC) violated his constitutional right to due process by refusing his request that he be allowed 1) to review and "correct" the information upon which the parole board relied in denying him parole or work release; 2) to appear in person before the parole board; and 3) to be informed of the specific reasons he was denied parole or work release. Petitioner also argues that the district court erred in declaring that, due to his failure to exhaust all administrative remedies, it lacked jurisdiction to rule on his petition. We affirm.

On October 5, 1990, petitioner, age fifty-three, was sentenced to three consecutive ten-year terms after a jury verdict found him guilty of three separate counts of third-degree sexual abuse. Evidence at trial indicated that petitioner had engaged in a sexual relationship with a seventh-grade girl. The pre-sentence investigation indicated petitioner had sexually abused his two daughters between ages nine and sixteen. The sentencing judge recommended defendant serve the entire thirty-year sentence, whether or not he received treatment, "for the protection of the community."

Beginning in September 1994, and continuing through September of 1999, the parole board annually reviewed petitioner's case to evaluate his eligibility for work release or parole. After each yearly review the parole board concluded, "In view of the seriousness of the crime for which you were convicted, the Board believes that a parole at this time would not be in the best interest of society." Petitioner appealed directly to the district court following the 1999 decision by the parole board to deny him parole or work release.

■ We first address petitioner's contention that the district court erred in finding it did not have jurisdiction to address his appeal because petitioner had not exhausted his administrative remedies. A party must exhaust any available administrative remedies before seeking relief in the courts. To apply this doctrine, two conditions must be met: 1) an adequate administrative remedy must exist for the claimed wrong; and 2) the governing statutes must expressly or impliedly require the remedy to be exhausted. *Riley v. Boxa*, 542 N.W.2d 519, 521 (Iowa 1996). The district court is deprived of jurisdiction over the case if administrative remedies are not exhausted. *Keokuk County v. H.B.*, 593 N.W.2d 118, 122 (Iowa 1999). *See also Iowa Coal Mining Co., Inc., v. Monroe County*, 555 N.W.2d 418, 431 (Iowa 1996).

■ In this case an adequate administrative remedy does exist: The Iowa Administrative Code provides an inmate may appeal "any action of the [parole] board staff or board that affects that person...." Iowa Admin. Code r. 205–15.1(17A). This appeal must be received at the parole board office, or postmarked, within ten days of the receipt of notice of the action appealed. The board is not required to consider untimely appeals. Iowa Admin. Code r. 205–15.3(3)(17A).

Further, it is implicit in the Iowa Administrative Code that the administrative remedy must be exhausted before further appeal. The Code provides that an inmate "may appeal any action of the [parole] board staff or board." Iowa Admin. Code r. 205–15.1(17A). It also provides that the board of parole ... "shall review the appeal." Iowa Admin. Code r. 205–15.4(17A). We therefore interpret the phrase "may appeal" in this section, for purposes of the exhaustion doctrine, to require that any appeal, if filed, be made to the administrative agency. *See Riley*, 542 N.W.2d at 522–3.

■ Petitioner claims that the exhaustion requirement does not apply in his case because further appeals to the parole board are an inadequate and fruitless remedy. We disagree. Petitioner has presented no facts or specific allegations upon which to base his claim that the remedy provided by appealing to the parole board is inadequate or fruitless. Petitioner assumes, based on the fact that the articulated reason for denial of parole has been the same since 1994, that the parole board is essentially applying a rubber stamp to his case without considering the facts. Perceived bias on the part of the administrator does not implicate the futility of the appeal. The futility exception is concerned with the adequacy of the remedy, not a perceived predisposition of the deci-

sion maker. *Iowa Coal Mining, Co.*, 555 N.W.2d at 431; *North River Ins. Co., v. Iowa Div. of Ins.*, 501 N.W.2d 542, 546 (Iowa 1993). Furthermore, there is no evidence that the petitioner's attempts to appeal were impeded by the parole board. *See Bugely v. State*, 464 N.W.2d 878, 880 (Iowa 1991). We affirm the district court's conclusion that it lacked jurisdiction in this case due to petitioner's failure to exhaust his administrative appeals.

■ Even if the district court had had jurisdiction, however, it was correct in ruling that petitioner's due process rights were not violated by the parole board. Under Iowa Code section 906.3 (1999) the grant or denial of parole or work release is not a contested case as defined in Iowa Code section 17A.2. Therefore an inmate denied parole is not entitled to the full administrative hearing procedure outlined in section 17A.12. The board's action qualifies as "other agency action." *Sindlinger v. Iowa State Bd. of Regents*, 503 N.W.2d 387, 389 n. 1 (Iowa 1993). We review "other agency action" under the standards set forth in Iowa Code section 17A.19(10) (Supp.1999).

■ There is no evidence that the parole board's action in this case violated these standards. Under Iowa Code section 906.4 (1999), the parole board, using its discretion, may release on parole or work release an offender whose release will not be to the detriment of the community. In this case the parole board denied the petitioner release due to the severity of his crime and its determination that he was still a threat to the community. The board notified petitioner of these reasons. Petitioner was convicted of sexually abusing a seventh grader, between thirty and forty times, all the while bribing and threatening her not to tell, and cajoling her into trusting him. The sentencing

judge recommended petitioner serve his full thirty-year sentence. At this point petitioner has been incarcerated for only about one third of that sentence. The parole board's decision denying petitioner release was reasonable and properly within its discretion as provided in section 906.4. We affirm the district court's finding the parole board did not prejudice the substantial rights of the petitioner in denying him parole or work release.

**AFFIRMED.**