# IN THE COURT OF APPEALS OF IOWA

No. 15-0816
Filed June 29, 2016

**MARK DONNELL FASSETT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister, Judge.

A convicted prisoner appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

Leslie M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Heard by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Mark Fassett appeals the district court's summary dismissal of his application for postconviction relief. He argues the district court erred in dismissing his application for three reasons: because he applied under the exception to the three-year statute of limitations provided in Iowa Code section 822.3 (2013); a genuine issue of material fact existed as to whether he was eligible for relief under section 822.2(1)(e); and the district court considered the wrong statutory subsection—section 822.2(1)(f)—instead of the subsection applicable to his application.[1] We find the only issue preserved for appellate review is whether the district court erred in finding it lacked authority to grant the relief requested by Fassett's application under chapter 822; we hold the district court was correct in finding chapter 822 did not provide Fassett a means of obtaining judicial review and relief. We therefore affirm.

## I. Background Facts and Proceedings

On January 2, 2001, the State charged Fassett by trial information with five crimes: two counts of distribution of methamphetamine to a person under age eighteen, as a second offense, class "B" felonies in violation of Iowa Code sections 124.401D (Supp. 1999) and 124.411 (1999); two counts of sexual abuse

---

[1] The relevant portions of statute provide:

> 1. Any person who has been convicted of , or sentenced for, a public offense and who claims any of the following may institute, without paying a filing fee, a proceeding under this chapter to secure relief;
> . . . .
> e. The person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint.
> f. The person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited and the person has exhausted the appeal procedure of section 903A.3, subsection 2.

Iowa Code § 822.2(1)(e), (f).

in the third degree, class "C" felonies in violation of section 709.4; and one count of possession of methamphetamine, third offense, a class "D" felony in violation of section 124.401. Fassett ultimately pled guilty to four of the five counts; one of the third-degree sexual abuse counts was dismissed.

On March 27, 2002, the district court sentenced Fassett to serve concurrent terms of imprisonment not to exceed ninety-nine, ninety-nine, ten, and five years, respectively, for the remaining counts. The sentencing order states the ninety-nine-year sentences for the two methamphetamine distribution counts were reduced by one-third each, to sixty-six years, "due to [Fassett's] plea and mitigating circumstances," and had applicable ten-year mandatory minimums. Fassett discharged his five-year sentence for possession of methamphetamine on April 1, 2003. He discharged his ten-year sentence for sexual abuse in the third degree on July 10, 2005. He remains in prison serving the balance of his two methamphetamine sentences; he has served the minimum sentences applicable to those sentences.

On September 23, 2014, Fassett filed a pro se application for postconviction relief. In his application, Fassett stated the specific grounds for his application related to the fact he had not yet been offered an opportunity to take part in the Sex Offenders Treatment Program (SOTP) required by the Iowa Department of Corrections. He explained he had already discharged the ten-year sentence imposed for his conviction for third-degree sexual abuse, as well as the ten-year mandatory minimums applicable to his methamphetamine distribution counts. However, Fassett argued that by not giving him the opportunity to complete the SOTP, the department of corrections was effectively

imposing another mandatory minimum sentence upon him because, under department of corrections policy, he would become eligible for parole only after he had completed the program. In response, the State filed a motion to dismiss, arguing Fassett's application was barred by the relevant three-year statute of limitations, was based upon grounds which had been finally adjudicated, and failed to state a ground for postconviction relief under Iowa Code section 822.2.

A motion hearing was held on April 8, 2015. Fassett argued he should not be required to complete the SOTP because he had already discharged his sentence for his sole sex-offense conviction. His court-appointed counsel characterized the situation as an "ongoing thing" and argued the statute of limitations therefore did not apply. Fassett asked the district court to enter an order stating he had discharged his sentence for the third-degree sexual abuse charge and should not be required to take SOTP before being eligible for parole on the sixty-six year sentences. Fassett's counsel asserted:

> I think the court can enter an order indicating that the original sentence was that he serve ten years and that that sentence has been served and discharged and that therefore he should not be serving any type of punishment or he should not be restrained.
> One thing that the postconviction relief statute refers to is that you are being unlawfully restrained and I think that's the position here. He's being unlawfully restrained because he's being told he has to complete a program for an offense where he's already been discharged . . . .

The State responded by arguing the district court didn't have the authority to order the department of corrections to release Fassett or to order a sentence is discharged. The State further argued the department of corrections and the Iowa Board of Parole have authority to determine what requirements an inmate must meet in order to be eligible for release on parole and at what point during

an inmate's prison sentence a required program will be offered. The district court concluded:

> Okay. Well, I'm speculating when I say this, but it seems to me that they're able to figure out when his good time and so forth would ordinarily entitle him to parole and so they can schedule the sex offender treatment program to coincide with that. The only thing that I think he's being denied, and once again, I don't have a good recall of this, there are some early release programs or something like that and certain cases have to be reviewed on an annual basis and others are not reviewed that frequently and his— until he gets sex offender treatment, he probably isn't eligible for annual review for early release, but I don't know that. And once again, that's something to do with the department of corrections and/or the board of parole and once again, nothing I can get involved in the scheduling of.
>
> So I think the answer is, [Fassett's counsel], the best thing for your client is not to prolong this proceeding. I think the sooner this proceeding is over, the sooner he can go either appeal it or do something else with the institution through the administrative process and then have judicial review of the administrative process if he doesn't agree with how it's resolved at that level. So I don't need to decide about whether it's timely or not. I'm going to dismiss it on the grounds that on the face of it, it's not something that I have jurisdiction over or anything I can make an order about. It's not—well, I shouldn't say that. He's not alleging anything that's an exception to the three-year rule because he's—what he's alleging is something I don't have jurisdiction over. I guess that's the way I should say it. So that's what I'm going to do and I'm going to just do a brief order that says that I'm granting the motion to dismiss for reasons stated on the record and your client, if you have further need of this, can order a transcript and you'll have the reasons.

The district court issued an order the same day granting the State's motion to dismiss "for reasons stated on the record."

Fassett appeals.

## II. Standard of Review

We review postconviction proceedings for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of

applications for postconviction relief.  *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002).

**III. Discussion**

We begin by addressing the issue of error preservation.  Fassett argues the district court erred in dismissing his application for three reasons.  First, he argues the three-year statute of limitations generally applicable to postconviction relief should not have barred his application because the circumstances in his case fall within an exception to the rule.  *See* Iowa Code § 822.3 ("However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.").  Second, he argues a genuine issue of material fact existed as to whether he was eligible for relief under section 822.2(1)(e) because he claims the withholding of the SOTP caused him to be "unlawfully held in custody or other restraint."  Third, he argues the district court considered the wrong statutory subsection by dismissing his complaint for failing to comply with section 822.2(1)(f) instead of section 822.2(1)(e), the subsection applicable to his application.[2]

We agree with the State's contention Fassett has not preserved all of these claims for appellate review.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537

---

[2] Although Fassett's counsel argued section 822.2(1)(e) at the hearing on the State's motion to dismiss, we do note Fassett was not so clear in his original application for postconviction relief.  In the section titled "Grounds upon which application is based," the language for grounds (a) through (f) are listed, along with a space to the left of each ground in which an applicant can check the grounds upon which he means to base his claims.  Fassett placed a question mark in the space next to both grounds (e) and (f).

(Iowa 2002). The district court's sole determination below was that it lacked jurisdiction to order the department of corrections and the board of parole to sequence inmates' participation in the SOTP at certain times during their imprisonment (and, by extension, to order that Fassett not have to participate at all because of improper sequencing in his case). Although the State concedes Fassett's claims are intertwined and do raise the issue decided by the district court regarding its authority to award the relief requested by Fassett, the court did not make any finding regarding the applicability of the three-year statute of limitations, nor did it make any statement that its decision was based on section 822.2(1)(f). Indeed, the district court expressly stated Fassett's application did not relate to a reduction of sentence that would be implicated under section 822.2(1)(f). As a result, we are not in a position to address those claims. However, in his second claim, Fassett argues the district court erred in summarily dismissing his application for postconviction relief on the grounds it lacked authority to enter an order against the department of corrections, and the State concedes on appeal that the court addressed that issue. Therefore, we will address the arguments raised in Fassett's appeal to the extent they relate to that single issue.

However, before we move on to address the merits of Fassett's appeal on that issue, we first address the district court's use of the term "jurisdiction." Confusion over the distinction between subject matter jurisdiction and authority is not uncommon. *See, e.g., Holding v. Franklin Cty. Zoning Bd. of Adjustment*, 565 N.W.2d 318, 319 (Iowa 1997) ("For several years we have sought to correct a formerly widespread misimpression that often confused a court's lack of subject

matter jurisdiction with a court's lack of authority to act in a particular matter.")

"Subject matter jurisdiction refers to the power of the court 'to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention.'" *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) (quoting *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989)). Iowa district courts are courts of general jurisdiction, "empowered by the Iowa Constitution to hear all cases in law, equity, or special proceedings." *Schrier v.State*, 573 N.W.2d 242, 244 (Iowa 1997). As such, district courts have subject matter jurisdiction over postconviction-relief proceedings. *Id.* at 244–45. "Where the court has subject matter jurisdiction but for some other reason cannot hear the case, the court lacks authority." *Id.* at 244.

The district court's oral ruling should have stated it lacked authority to grant Fassett the relief he sought, rather than stating it lacked jurisdiction over Fassett's postconviction-relief proceeding.[3] However, the district court's misstatement does not preclude our review of the properly phrased question— whether the district court was correct that it lacked the authority to grant Fassett the relief he sought. *See Holding*, 565 N.W.2d at 319 (noting the district court

---

[3] The district court may have believed it lacked jurisdiction because Fassett had failed to exhaust his administrative remedies. In *Johnson v. Department of Corrections*, this situation was referred to as a jurisdictional issue. 635 N.W.2d 487, 488 (Iowa Ct. App. 2001) ("The district court is deprived of jurisdiction over the case if administrative remedies are not exhausted."). In *Johnson*, however, the district court lacked jurisdiction over a petition seeking judicial review of the board of parole's decision to deny the petitioner parole or work release. *Id.* at 488–89. Here, unlike in *Johnson*, the district court was not presented with a petition for judicial review but with an application for postconviction relief.

incorrectly ruled it lacked subject matter jurisdiction before moving forward to address the issue of whether it lacked authority).

Iowa Code section 822.2(1)(e) provides that a person can proceed with a claim for postconviction relief under chapter 822 where "[t]he person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint." Fassett has discharged his sentence for sexual abuse in the third degree and has completed the minimum terms of imprisonment on his sentences for distribution of methamphetamine to persons under age eighteen. He argues he is being unlawfully held in custody or other restraint "because he would be eligible for parole now if the department of corrections would have allowed him to complete SOTP during his sex offense sentence instead of waiting until the tail-end of his unrelated drug offense sentence[s]." Because Fassett alleges he is being "unlawfully held in custody or other restraint," he argues he has raised a genuine issue of fact, which was properly before the district court under section 822.2(1)(e).

The State responds by pointing out that "in Iowa, most parole decisions are legitimately within the discretion of the executive branch." *Doe v. State*, 688 N.W.2d 265, 271 (Iowa 2004). The State also refers to Iowa Code section 906.3, which provides:

> The board of parole shall adopt rules regarding a system of paroles from correctional institutions, and shall direct, control, and supervise the administration of the system of paroles. The board of parole shall consult with the director of the department of corrections on rules regarding a system of work release and shall assist in the direction, control, and supervision of the work release system. The board shall determine which of those persons who

have been committed to the custody of the director of the Iowa department of corrections, by reason of their conviction of a public offense, shall be released on parole or work release. The grant or denial of parole or work release is not a contested case as defined in section 17A.2.

The State argues Fassett has not actually alleged any facts showing he is being unlawfully held in custody or restrained. To the contrary, Fassett is actually complaining of the appropriateness of the decision by the department of corrections and the board of parole to delay his participation in the SOTP given the policy requirement he participate in the program before becoming eligible for parole.

A revocation of work release was considered by the Iowa Supreme Court in *Maghee v. State*, 773 N.W.2d 228, 235 (Iowa 2009). In *Maghee*, the defendant filed an application for postconviction relief under what is now section 822.2(1)(e) contesting the revocation of his work release and his transfer back to prison. *Id.* at 230. The district court in *Maghee* dismissed the defendant's action on the State's motion, ruling he should have contested the revocation of his work release as an administrative appeal to the Iowa Board of Parole under Iowa's Administrative Procedures Act, found in Iowa Code chapter 17A, rather than as a postconviction action under chapter 822. *Id.* at 230, 235. Our supreme court disagreed, and concluded "a postconviction-relief action is the proper vehicle to challenge the revocation of work release and resulting transfer to a secure facility." *Id.* at 235.

Two different panels of our court have considered challenges to parole board procedures since *Maghee*. *See McKeag v. State*, No. 10-1084, 2011 WL 3925537, at *1 (Iowa Ct. App. Sept. 8, 2011); *Miller v. State*, No. 09-1853, 2011

WL 2041822, at *1 (Iowa Ct. App. May 25, 2011). In each case, the defendant filed an application for postconviction relief under chapter 822 contesting the rules and procedures the Iowa Board of Parole had established to make parole decisions. *McKeag*, 2011 WL 3925537, at *1; *Miller*, 2011 WL 2041822, at *1. In each case, the district court dismissed the defendant's action on the State's motion, agreeing with the State's contention the defendant's exclusive remedy was under chapter 17A, not chapter 822. *Id.*

The panels in both *McKeag* and *Miller* distinguished their facts from those in *Maghee*. *McKeag*, 2011 WL 3925537, at *2; *Miller*, 2011 WL 2041822, at *1. Whereas the defendant in *Maghee* had challenged the parole board's decision to revoke the defendant's work release, which is explicitly included in section 822.2(1)(e) and which our supreme court had ruled could be properly contested under chapter 822, the defendants in both *McKeag* and *Miller* were instead challenging the parole board's decision to have case file reviews rather than in-person interviews to determine whether to grant them parole. *Maghee*, 773 N.W.2d at 235; *McKeag*, 2011 WL 3925537, at *1; *Miller*, 2011 WL 2041822, at *1. Both panels of our court determined that because the Iowa Board of Parole is a state agency existing within the purview of chapter 17A, the complained-of actions fell within the definition of "agency action" under section 17A.2(2) and chapter 17A provided the exclusive avenue for relief. *McKeag*, 2011 WL 3925537, at *1 ("By its terms, the judicial review provisions of chapter 17A are 'the *exclusive means* by which a person . . . adversely affected by agency action may seek judicial review of such agency action' except as 'expressly provided otherwise by another statute referring to [chapter 17A] by name.' Chapter 822,

governing postconviction actions, does not expressly negate the applicability of chapter 17A. . . . Therefore, the chapter 17A judicial review procedures are [the defendant]'s exclusive means of judicial review." (citations omitted)); *Miller*, 2011 WL 2041822, at *1 ("Accordingly, chapter 17A is the exclusive means for [the defendant] to challenge the rules and procedures followed by the board in making its parole determination.").

Although the district court in Fassett's case did not explicitly refer to chapter 17A, its oral ruling granting the State's motion to dismiss indicated it did not have the authority to provide Fassett the relief he sought and noted that Fassett should move forward with his claims through the administrative process, after which Fassett could seek judicial review if he was still unhappy with the parole board's resolution of the problem. In effect, the district court ruled Fassett could not proceed under chapter 822 and should instead seek relief under chapter 17A. We agree. Chapter 822 does not include statutory authority for postconviction review of parole board policies. *See Pierce v. State*, No. 09-1853, 2011 WL 3925484, at *3 (Iowa Ct. App. Sept. 8, 2011) ("While [the defendant] brought his postconviction-relief application under] the same provision invoked by Maghee, [the defendant], unlike Maghee, did not fall within its ambit. As noted, Magee asserted that the department of corrections wrongly revoked his work release, a claim that falls squarely within the language of section 822.2(1)(e). . . . [The defendant] also did not provide any evidence that he is unlawfully being held in custody or other restraint. Indeed, he concedes he has yet to complete the balance of his prison term. For that reason section 822.2(1)(e) does not apply to him and he cannot avail himself of postconviction review. We conclude

chapter 17A furnished the exclusive means of challenging the Board's action or inaction.").

Furthermore, without any administrative process to review, we are left with a record devoid of evidence regarding the status of Fassett's parole eligibility. Fassett claims he would be eligible for parole if not for the fact he has not yet been allowed to participate in the SOTP, but we do not have a record to support his claim. The record does not contain any statement by either the department of corrections or the board of parole concerning Fassett's eligibility for parole; no State authority has said why Fassett has not yet participated in the SOTP or when he will be scheduled to participate. The record does not establish conclusively that the SOTP truly is the sole remaining hurdle for Fassett to overcome on his path to early release, or whether other barriers, such as unrelated programs—a drug treatment program for his methamphetamine convictions, for example—still remain. By seeking relief under chapter 17A, Fassett will be able to create a record sufficient to enable judicial review, if necessary.

The Iowa Department of Corrections and Iowa Board of Parole have wide discretion over parole and work-release decisions. The Iowa Supreme Court has upheld the department of corrections' statutory authority to require participation in the SOTP in a discretionary manner. *Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010) ("There is no statutory limitation that would prevent [the department of corrections] from recommending SOTP for an inmate convicted of a crime that is not facially considered a sex offense where the factual circumstances of the crime are of a sexual nature."). We hold decisions

regarding the timing of inmates' participation in the SOTP is an agency action falling within discretion of the department of corrections and board of parole, and conclude chapter 17A is therefore the appropriate vehicle for Fassett's complaint regarding the fact he has not yet been allowed to participate.

**AFFIRMED.**