# IN THE COURT OF APPEALS OF IOWA

No. 17-0595
Filed September 13, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROMEO CASINO HARDIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

The defendant challenges his sentence for murder in the first degree.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

In 1996, Romeo Hardin, then fifteen years old, killed Augustus Nance. Hardin was convicted of murder in the first degree, in violation of Iowa Code sections 707.1 and 707.2 (1995), and sentenced to life in prison without the possibility of parole. Almost twenty years later, his sentence was vacated pursuant to a newly-created sentencing scheme for juvenile offenders. *See State v. Null*, 836 N.W.2d 41, 74–75 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88, 95–98 (Iowa 2013); *State v. Ragland*, 836 N.W.2d 107, 121–22 (Iowa 2013). The district court held a resentencing hearing and sentenced Hardin to life in prison without the possibility of parole. Subsequently, in *State v. Sweet*, 879 N.W.2d 811, 839 (Iowa 2016), the supreme court held "juvenile offenders may not be sentenced to life in prison without the possibility of parole." The supreme court vacated Hardin's sentence and remanded the case for resentencing in accord with *Sweet*. *See State v. Hardin*, No. 14-0978, 2016 WL 4958157, at *1 (Iowa Sept. 16, 2016). On remand, Hardin waived his right to counsel and elected to represent himself during the sentencing hearing. The district court sentenced Hardin to life in prison with the possibility of parole. Hardin timely filed this appeal.

Hardin contends he is entitled to a new sentencing hearing because his waiver of the right to counsel was not knowing and voluntary. We review a claim that a defendant's right to counsel was violated de novo. *See State v. Martin*, 608 N.W.2d 445, 449 (Iowa 2000). The State has the burden of proving a defendant's waiver of counsel is valid. *See State v. Rater*, 568 N.W.2d 655, 660 (Iowa 1997).

In a state criminal proceeding, the defendant has a Sixth and Fourteenth Amendment right to counsel at all critical stages of the criminal proceeding and the corollary right to self-representation. *See Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004) (providing right to counsel exists "at all critical stages of the criminal process"); *Faretta v. California*, 422 U.S. 806, 821 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense.").[1] Sentencing is a critical stage of the criminal process at which the defendant has the right to counsel and the right to self-representation. *See State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007).

Before the right to self-representation attaches, the defendant must voluntarily elect to proceed without counsel by "knowingly and intelligently" waiving his Sixth Amendment right to counsel. *Faretta*, 422 U.S. at 835; *see Rater*, 568 N.W.2d at 658. Before the district court accepts the request, the court must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that the defendant 'knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States*, 317 U.S. 269, 279 (1942)). This requires the district court to conduct a colloquy with the defendant. *See Hannan v. State*, 732 N.W.2d 45, 55 (Iowa 2007). The degree of inquiry required varies with the

[1] The defendant also raises a claim under article I, section 10 of the Iowa Constitution. The Iowa Supreme Court has not explicitly recognized a right to self-representation arising under the Iowa Constitution. We need not recognize such a right to resolve the defendant's claim. The defendant does not suggest the Iowa claim would be resolved any differently than his federal claim. "Where a party raises issues under the Iowa Constitution and the Federal Constitution, but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal standard." *State v. Edouard*, 854 N.W.2d 421, 452 (Iowa 2014) (Appel, J., concurring specially).

circumstances of the case and the stage of the proceedings. *See Tovar*, 541 U.S. at 88. The waiver inquiry must consider "what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage" before a waiver will be granted. *Patterson v. Illinois*, 487 U.S. 285, 298 (1988). The Court defines "the scope of the right to counsel by a pragmatic assessment of the usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." *Id.*; *see also State v. Cooley*, 608 N.W.2d 9, 15 (Iowa 2000).

We conclude the colloquy was sufficient to establish Hardin knowingly and voluntarily waived his right to counsel and knowingly and voluntarily elected to represent himself during the sentencing hearing. "District court judges are often called upon to navigate the 'thin line' presented in cases such as this, where they must refrain from 'improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation.'" *Hannan*, 732 N.W.2d at 54 (quoting *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995)). Here, the district court appropriately navigated this thin line. The district court advised Hardin of the nature of the proceeding. The district court advised Hardin that Hardin would be advantaged by retaining counsel during the sentencing proceeding and disadvantaged by representing himself. The district court also explicitly inquired of Hardin whether his decision was knowing and voluntary. Hardin answered in the affirmative. Hardin was clear and unequivocal that he wished to proceed without counsel and represent himself.

While Hardin is correct that the district court failed to explicitly advise him of the possible sentence prior to accepting Hardin's waiver, we conclude that fact is of little consequence under the circumstances.  First, the sentencing hearing at issue was the third sentencing hearing in this case.  Hardin was thus familiar with the sentencing process.  Second, at the second sentencing hearing, Hardin also sought to represent himself and went through a colloquy and signed a written waiver of counsel.  Hardin was thus familiar with his right to counsel and his right to self-representation and the risks associated with proceeding on his own.  Third, there was only one statutorily authorized sentence available to the district court: a life sentence with the immediate possibility of parole.  *See* Iowa Code § 902.1(2)(a)(3).  The ultimate utility of counsel was thus limited.  Finally, Hardin agreed to have stand-by counsel available, and the district court appointed stand-by counsel.

Hardin also contends his waiver was not knowing and voluntary because the district court failed to warn him of the possibility of waiving future claims.  Specifically, he argues he could have built a better record to support claims related to the practices and procedures of the parole board in assessing his fitness for parole.  This argument is unavailing.  The district court had no obligation to inform the defendant of the practices and procedures of the parole board and potential claims related to the same.  Those practices are subject to challenge in an administrative appeal and are only subject to judicial review upon exhaustion of administrative remedies.  *See Johnson v. Iowa Dep't of Corrs.*, 635 N.W.2d 487, 489 (Iowa Ct. App. 2001).  Hardin, should he desire, will have the opportunity to assert his claims in administrative proceedings.

Hardin raises several additional challenges in his pro se briefs. His non-jurisdictional claims are time-barred and not subject to the exception for "ground[s] of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3, .8; *see also Hardin v. State*, No. 10-1308, 2012 WL 1864347, at *1 n.1 (Iowa Ct. App. May 23, 2012) (dismissing similar claims raised by this defendant in an earlier proceeding). Hardin's jurisdictional challenges are without merit. *See* Iowa Const. art. V, § 6; Iowa Code §§ 602.6101, 803.1(1)(a)-(d), 803.1(2).

For the foregoing reasons, we affirm the defendant's sentence.

**AFFIRMED.**