# IN THE COURT OF APPEALS OF IOWA

No. 19-0524
Filed August 18, 2021


**MICHAEL W. RIPPERGER,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____


Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.


The applicant appeals the district court decision denying his application for postconviction relief on the ground it was untimely. **AFFIRMED.**


R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.


Considered by Greer, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Michael Ripperger appeals the district court decision denying his application for postconviction relief (PCR) on the ground it was untimely filed. Ripperger's claims were based on a clarification of existing law and, thus, did not present a new ground of fact or law. Therefore, Ripperger's application is time-barred. Because Ripperger's application is barred under the three-year statute of limitations, we do not have authority to consider the other issues he raises on appeal. We affirm the district court's decision denying Ripperger's PCR application.

## I.     Background Facts & Proceedings

In 1991, Ripperger broke into the home of A.M. while wearing a ski mask and carrying a knife. He took her to the basement of her home, where he bound and blindfolded her, and then engaged in sex acts. Ripperger was charged with and convicted of first-degree kidnapping, in violation of Iowa Code section 710.2 (1991), and first-degree burglary, in violation of section 713.3.

In his direct appeal, Ripperger claimed "the district court erred in submitting to the jury the uniform instruction regarding confinement and removal." *State v. Ripperger*, 514 N.W.2d 740, 750 (Iowa Ct. App. 1994). He claimed the instruction did not mirror the language found in *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). *Id.* In *Rich*, the Iowa Supreme Court stated:

> [W]e conclude that our legislature, in enacting section 710.1, intended the terms "confines" and "removes" to require more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse. Although no minimum period of confinement or distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse.

> Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

305 N.W.2d at 745.

The Iowa Court of Appeals noted, "In kidnapping cases in which there is an 'underlying' offense, the confinement or removal necessary to sustain a conviction must be more than 'incidental' to the commission of the underlying offense." *Ripperger*, 514 N.W.2d at 750. The court "conclude[d] the trial court's jury instruction appropriately conveyed the law." *Id.* The court found the uniform instruction, taken as a whole, "cautioned the jury that the kidnapping charge must have independent significance." *Id.* at 751. Ripperger's convictions were affirmed. *Id.* Procedendo was issued on April 13, 1994.

Twenty-one years later, in *State v. Robinson*, the Iowa Supreme Court considered the application of the test in *Rich* "to a case in which the evidence supporting independent confinement is markedly less than in many of our cases, but in which there is evidence showing something more than a mere 'standstill offense.'" 859 N.W.2d 464, 478 (Iowa 2015). The court stated:

> In the end, the question calls for an exercise of our judgment as to whether, on the totality of the circumstances, the State offered sufficient evidence that a jury could find beyond a reasonable doubt that the defendant's confinement of the victim *substantially* increased the risk of harm, *significantly* lessened the risk of detection, or *significantly* facilitated escape. Phrased somewhat differently, did the evidence of the tossing of the cell phone, the locking of the doors, the covering of the victim's mouth, and any additional confinement associated with movement of the victim from the hallway to the bedroom, all occurring within the enclosed apartment, provide a sufficient basis to allow the jury to regard the case as presenting

more than sexual abuse but instead involving the much more serious crime of kidnapping with its substantially harsher penalties?

*Id.* at 481–82. The court concluded Robinson's conduct was "not sufficient to trigger [the] dramatically increased sanctions under our kidnapping statutes in this case." *Id.* at 482.

In a special concurrence, one justice discussed the Iowa Court of Appeals's decision in *Ripperger*. *Id.* at 489–90 (Wiggins, J., specially concurring). The justice stated:

> The Iowa Court of Appeals, however, declined to reverse a kidnapping conviction when the Iowa State Bar Association (ISBA) kidnapping instruction was given in *State v. Ripperger*, 514 N.W.2d 740, 750–51 (Iowa Ct. App. 1994). In that case, the court of appeals simply stated the "instruction appropriately conveyed the law," and the court was reluctant to disapprove "Uniform Instructions." *Id.* (quoting *State v. Doss*, 355 N.W.2d 874, 881 (Iowa 1984)).
> We do not preapprove or give a presumption of correctness to the instructions published by the ISBA.

*Id.* The justice added, "the court of appeals decision in *Ripperger* is doubtful precedent." *Id.* at 492. He also stated there was an "inconsistency between the approved instruction in *Ripperger* and our caselaw." *Id.* The justice concluded the jury instructions in *Robinson* were confusing. *Id.* at 491. He recommended a reformulation of the uniform instruction for kidnapping. *Id.* at 492.

On October 23, 2015, Ripperger filed a PCR application, claiming that the *Robinson* decision required a reversal of his kidnapping conviction. The State asserted that Ripperger's application was untimely under section 822.3 (2015), as it was filed more than three years after procedendo was issued in his direct appeal. Ripperger claimed his application was not untimely because *Robinson* created a ground of law that could not have been previously raised. He argued that *Robinson*

implicitly overruled the Iowa Court of Appeals decision affirming his conviction. In addition to asserting that *Robinson* created new law, Ripperger asked to have the law applied retroactively.

The district court found Ripperger's PCR application was barred by the three-year statute of limitations in section 822.3. The court found Ripperger did not show there had been a change in the law that affected the validity of his kidnapping conviction. The court found the decision in *Robinson* was a clarification of existing law, not a change in the law, and did not constitute a new ground of law under section 822.3. Furthermore, even if *Robinson* was a change in the law, Ripperger did not show the change affected the validity of his conviction. Additionally, the court determined Ripperger failed to show an exception to the law-of-the-case doctrine should be applied. Finally, the court concluded *Robinson* should not be applied retroactively. Ripperger appeals the district court's decision denying his PCR application.

## II. Standard of Review

"We generally review the denial of an application for [PCR] for correction of errors at law." *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Discussion

Ripperger claims his PCR application should not be barred under the three-year statute of limitations in section 822.3 because he is raising an issue of law that could not have been raised within the three-year period. He asserts that the Iowa Supreme Court's holding in *Robinson* constituted a change in law and that

he could not raise his claims concerning the jury instructions given in his criminal trial until *Robinson* was decided on February 6, 2015.

The Iowa Court of Appeals has determined several times that *Robinson* clarified existing law and did not announce a new rule of law. *See, e.g.*, *Lang v. State*, No. 17-1279, 2019 WL 2523551, at *3 (Iowa Ct. App. June 19, 2019) (finding *Robinson* did not announce a new rule of law); *Johnson v. State*, No. 17-0436, 2018 WL 1633520, at *1 (Iowa Ct. App. Apr. 4, 2018) ("[W]e reject the claim that *Robinson* set forth new law."); *Jackson v. State*, No. 17-0153, 2018 WL 739277, at *2 (Iowa Ct. App. Feb. 7, 2018) (noting "*Robinson* did not announce a new rule; it merely clarified an existing rule"); *Brandes v. State*, No. 17-0128, 2017 WL 6517176, at *1 (Iowa Ct. App. Dec. 20, 2017) (stating "*Robinson* did not announce a new rule"); *Grayson v. State*, No. 15-1382, 2016 WL 6652357, at *2 ("[T]he supreme court did not announce a new rule in *Robinson* but rather only clarified existing law.").

Clarifications of existing law do not constitute new grounds of fact or law for PCR purposes. *See Perez v. State*, 816 N.W.2d 354, 360–61 (Iowa 2012). Without a new ground of fact or law, Ripperger's PCR application is time-barred because it was not brought within three years after procedendo issued after his direct appeal. *See Chadwick v. State*, No. 14-1922, 2016 WL 3281253, at *1 (Iowa Ct. App. June 15, 2016) (finding an applicant's claims based on a clarification of existing law did not present a new ground of fact or law and were time-barred). We find the district court properly determined Ripperger's claims were barred by the three-year statute of limitations found in section 822.3.

Ripperger also contends it should not matter if *Robinson* was a change in law or a clarification of existing law because the impact on his conviction was significant. However, Ripperger cites no authority for this claim and thus, we deem the claim waived. Iowa R. App. P. 6.903(2)(3)(g).

Because Ripperger's claims are barred under the three-year statute of limitations, we do not have authority to consider the other issues he raises on appeal. *See Schrier v. State*, 573 N.W.2d 242, 245 (Iowa 1997); *see also Jackson v. State*, No. 15-0233, 2016 WL 1680137, at *2 (Iowa Ct. App. Apr. 27, 2016) ("But, unfortunately, Jackson's petition was untimely filed, and there is no need to further evaluate Jackson's claims of ineffective assistance of counsel.").

We affirm the district court's decision denying Ripperger's PCR application.

**AFFIRMED.**